IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MAIMOUNA A. GBANE, | * |
| Plaintiff, | * |
| v. | Civil Action No. PX-16-701 |
| CAPITAL ONE, NA and ERIC GUTIERREZ, | * |
| Defendants. | * |

****\*

MEMORANDUM OPINION

Pending before the Court is Capital One, NA and Eric Gutierrez' (the "Defendants") Motion to Dismiss for Maimouna Gbane's ("Plaintiff") failure to timely serve on Defendants the Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 11. Based on the plain language of the rule and this Circuit's precedent, the Court will grant Defendant's Motion to Dismiss without prejudice.

Plaintiff filed her Complaint on March 9, 2016 and at all times was represented by counsel. ECF No. 1. Due to the Plaintiff's omission of the proposed summonses in her initial filing (ECF No. 2), the Clerk of this Court issued summonses for Defendants when the Plaintiff properly filed the proposed summonses on March 16, 2016, which were to be served on Defendants, pursuant to Rule 4(m) by no later than June 9, 2016. ECF No. 7.

Plaintiff never served the Defendants within that time frame nor did she ask for an enlargement of time pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Rather, on May 27, 2016, Plaintiff erroneously moved for the court to "reissue" the summons, which the

Court promptly denied on June 2, 2016. ECF No. 10. In that Order, the Court expressly advised

Plaintiff that "[s]ummonses issued in this District do not expire," and highlighted that Plaintiff

had "**90 days from the date the Complaint is filed to effect service**." *Id.* (emphasis added).

Despite the Court's Order issued a full week prior to the 90-day deadline, Plaintiff failed

to perfect service. On June 10, Defendants moved to dismiss the instant action. ECF No. 11. The

next day, Plaintiff served Defendant (ECF No. 13-3) then opposed Defendants' Motion to which

Defendants replied. ECF Nos. 13 & 16.

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is

filed." If the defendants have not been served within this time frame, "the court . . . **must** dismiss

the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added).

However, "if the plaintiff shows good cause for the failure, the court must extend the time for

service for an appropriate period." *Id.*

"Good cause" generally requires the Plaintiff to demonstrate that she exercised

"reasonable diligence in trying to effect service." *Jones v. Sears and Roebuck*, No. DKC-15-

3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016). Circumstances amounting to good cause

may be "where a defendant is evading service; where the plaintiff experienced difficulty in

obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the

appropriate procedure for service; or where plaintiff was unaware of the defendant in service

until after the deadline expired." *Id.* (citing *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778,

786 (D. Md. 2005)).

Notably, the "good cause" standard is a stringent one where claims of delay from

personal tragedy or illness do not suffice. *See, e.g.*, *Braithwaite v. Johns Hopkins Hosp.*, 160

F.R.D. 75, 78 (D. Md. 2005) (holding murder of *pro se* plaintiff's daughter not "good cause");

*Knott v. Atlantic Bingo Supply, Inc.*, No. JFM-05-1747, 2005 WL 3593743, at *1–2 (D. Md. Dec. 22, 2005) (serious illness of plaintiff's counsel was not good cause). Accordingly, Plaintiff's enduring the desertion of her spouse and an out-of-state move at some non-specific time in the past, while sad, do not excuse her failure to comply with Rule 4(m). In fact, Plaintiff can point to no evidence that she pursued service in a reasonably diligent manner even after the Court expressly warned her of the filing requirements and the time constraints a full week in advance of the 90-day expiration. ECF No. 10. The fact that Plaintiff easily served Defendants, albeit out of time, further undermines any showing of good cause.

More troubling, however, is Plaintiff's claim that she will be unable to refile her complaint even if the Court dismisses without prejudice because she will be barred by limitations. ECF No. 13-1 at 2. This Court is mindful of the "sound public policy of deciding cases on their merits," which, at times, requires forgiving a procedural error rather than imposing the harsh sanction of prejudicial dismissal. *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989) (internal quotation marks omitted). Likewise, the 1993 Advisory Committee's Notes to Rule 4(m), while not binding, state that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*," and "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note (1993). *See also Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (noting in dicta that "current Rule 4(m) . . . permits a district court to enlarge the time for service 'even if there is no good cause shown.'") (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Nonetheless, "while Rule 4(m) and the Advisory Committee's note discussing it are informative, they still must be construed in concert with the latest published Fourth Circuit

opinion to address Rule 4(m), *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995)." *Defrietas v. Montgomery County*, No. PWG-12-2893, 2014 WL 31885, at *3 (D. Md. Jan. 3. 2014) (quoting *Tann v. Fisher*, 276 F.R.D. 190, 194 (D. Md. 2011)) (internal quotation marks omitted).

In *Mendez*, the Fourth Circuit announced that "Rule 4(m) *requires* that good cause be shown for obtaining an extension." *Mendez*, 45 F.3d at 80 (emphasis added). More recently, the Fourth Circuit affirmed, in an unpublished opinion, the District Court's dismissal of a Complaint under Rule 4(m) even though limitations barred refiling. *See Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam). The District Court in *Chen* held that it had no discretion under *Mendez* to extend the Rule 4(m) deadline absent a good cause, and that the limitations bar to refiling did not amount to good cause. *See Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293–94 (D. Md. 2013). Because the Fourth Circuit affirmed *Chen* "for the reasons stated by the district court," *Chen*, 546 F. App'x at 188, members of this bench view *Chen* as reaffirming the good cause requirement set forth in *Mendez*. *See Galindo v. ASRC Fed. Holding Co., LLC*, GJH-15-940, 2016 WL 2621949, at *2 (D. Md. May 5, 2016) ("Good cause requires a showing that the plaintiff made reasonable and diligent efforts to effect service prior to the 120-day limit." (quoting *Chen*, 292 F.R.D. at 293) (internal quotation marks omitted)); *Smith v. Ocwen-Loan Servicing LLC*, No. ELH-15-00424, 2015 WL 4092452, at *3 (D. Md. July 6, 2015) (describing *Chen* as where "the Fourth Circuit appears to have clarified its position on whether a district court has discretion to extend the Rule 4(m) deadline without good cause shown."); *Malibu Media, LLC v. Doe*, No. WMN-14-3384, 2015 WL 2345547, at *2 (D. Md. May 14, 2015) (denying plaintiff's motion for extension of time "[u]nder *Mendez* and *Chen* as it stands"); *Malibu Media v. John Doe*, No. ELH-14-288, 2014 WL 7507259, at *4 (D. Md. Dec. 24, 2014) ("Pending a decision by the Supreme Court in *Chen*,

4

however, *Mendez* is binding upon this Court."); *Defrietas*, 2014 WL 31885, at *4 ("Once again, for the reasons stated in *Tann* and *Chen,* I conclude that *Mendez* is still controlling law, and the doctrine of *stare decisis* counsels that this case must be dismissed, as Plaintiff has not shown good cause of failing to effect timely service of process.").[1] This Court agrees.

Accordingly, it is this 29th day of June, 2016, Defendants' motion to dismiss will be GRANTED. A separate order will follow.

 6/29/2016                                                       /S/
Date                                                       Paula Xinis
                                                          United States District Judge

---

[1] This Court notes that even if good cause is "no longer an absolute requirement under Rule 4(m)," the plaintiff must demonstrate some "reasoned basis for the court to exercise discretion and excuse the untimely service." *Tann v.Fisher*, 276 F.R.D. 190, 195 (D. Md. 2011) (internal citations and quotation marks omitted).  Plaintiff has provided no "reasoned basis," indeed no real reason at all, for why she could not timely effectuate service. Thus, even under this standard, the Court must grant Defendants' motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MAIMOUNA A. GBANE, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No. PX-16-701 |
| | * | |
| CAPITAL ONE, NA and | | |
| ERIC GUTIERREZ, | * | |
| | | |
| Defendants. | * | |
| | ****** | |

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 29th day of June, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.      The Motion to Dismiss filed by Defendants CAPITAL ONE, NA and ERIC GUITIERREZ (ECF No. 11) BE, and the same hereby IS, GRANTED;

2.      The clerk will transmit copies of the Memorandum Opinion and this Order to Counsel for Plaintiff and counsel for Defendants and CLOSE this case.


                              /S/
                         _____
                         PAULA XINIS
                         United States District Judge

6